NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of N.L., a child.                    )
_____ )
                                                     )
V.L.,                                                )
                                                     )
              Appellant,                             )
                                                     )
v.                                                   )       Case No.   2D16-1862
                                                     )
DEPARTMENT OF CHILDREN AND                           )
FAMILIES and GUARDIAN AD LITEM                       )
PROGRAM,                                             )
                                                     )
              Appellees.                             )
_____ )

Opinion filed October 28, 2016.

Appeal from the Circuit Court for
Hillsborough County; Emily A.
Peacock, Judge.

Norman A. Palumbo, Jr., Tampa, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Mary Soorus,
Assistant Attorney General, Tampa, for
Appellee Department of Children and
Families.

Matthew C. Wilson, Sanford, for
Appellee Guardian Ad Litem Program.

PER CURIAM.

V.L., the father, appeals an order adjudicating his child N.L. dependent as to him. We reverse.

The Department of Children and Families and the Guardian ad Litem Program failed to present competent substantial evidence that N.L. was "at substantial risk of imminent abuse, abandonment, or neglect" by the father. See § 39.01(15)(f), Fla. Stat. (2015); see also § 39.01(2) (defining "abuse" as any willful act that results in any harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired); § 39.01(30)(g) (defining "harm" among other things as, exposing a child to chronic use of drugs "when the child is demonstrably adversely affected by such usage").

Notably, the trial court's order adjudicating N.L. dependent as to the father was based entirely on his failure to substantially comply with a case plan for his older children who were earlier adjudicated dependent. Neither the Department nor the Guardian Ad Litem Program has cited any case, and we have not found one, to support the trial court's sole reasoning that the father's failure to comply with a case plan for his other children put N.L. at substantial risk of imminent abuse or neglect. Moreover, there is no evidence in the record establishing facts to show that N.L. was at substantial risk of imminent harm by the father's failure to comply with the case plan for the two older children.

Accordingly, we reverse the order adjudicating N.L. dependent as to V.L. and remand for further proceedings.

Reversed and remanded.

KELLY, LaROSE, and LUCAS, JJ., Concur.